USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 11 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Raynell Burgess,

          Plaintiff,

—v—

Michael Sheahan,

          Respondent.

16-cv-1461 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Pro se Petitioner Raynell Burgess seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 8, 2017, Magistrate Judge Pitman issued a report recommending that Burgess's habeas petition be denied. Dkt. No. 13 ("R&R"). Burgess has filed timely objections to Judge Pitman's report. See Dkt. Nos. 14 (extending time to file objections), 16 ("Objections"). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report and Recommendation in its entirety.

I.    BACKGROUND

The Court assumes familiarity with the facts and procedural background as laid out in the Report and Recommendation. Briefly, Burgess was convicted of two counts of criminal possession of a weapon in the second degree and one count of attempted coercion in the first degree arising out of his participation in the shooting of Damien Murrell on October 17, 2008. Tr. 1379-80; see R&R at 2 n.1.

On September 30, 2008, Murrell and Burgess were arrested on drug charges. Tr. 119-21. Burgess and his associates requested that Murrell accept sole responsibility for the drug charge. See Tr. 129-34. Murrell did not agree to do so. Tr. 130-32, 134-35.

1

On October 17, 2008, after Burgess tried to convince Murrell to accept responsibility for the drug charge, Tr. 144-49, Burgess and Christopher Lee, Burgess's co-defendant at trial, approached Murrell, Tr. 152-59. Lee pointed a gun at Murrell, and Burgess then instructed Lee to kill Murrell. Tr. 158-64. Lee and Murrell struggled, and the gun discharged, injuring Murrell. Tr. 165-66, 172-73, 186. Murrell then ran from the scene, and Burgess followed him. Tr. 160-61, 166, 171-72, 175-77, 186. Burgess pointed a gun at Murrell's head and pulled the trigger, but the gun did not fire. Tr. 175-77. Burgess then grabbed Murrell, but Murrell was able to break free and run away. Tr. 177-78. Murrell told a woman on street that he had been shot, and the woman called 911. Tr. 833-34.

Police officers, including Detective Daniel Keane, arrived at the scene. Tr. 410-12. Murrell was uncooperative and would not tell the police what had happened. Tr. 179-80, 413-14. He refused to speak with Detective Keane or even to identify himself. Tr. 180, 326-27, 859. In later conversations with the police, Murrell pretended to cooperate but provided false information and insisted that he did not know who had shot him. Tr. 188-89, 251, 253-58.

On October 22, 2008, Detective Keane met with Murrell at Murrell's home. Tr. 191-92, 871-72. Detective Keane testified at trial that he went to Murrell's home because "based on [Keane's] conversations with numerous witnesses, [Keane] had developed a working theory as to what may have happened." Tr. 871. Detective Keane also testified that he told Murrell what Keane thought may have happened and "outlined the scenario based on what [Keane] had been told by numerous witnesses." Tr. 872. Detective Keane testified, "I explained to Mr. Murrell that based on people that I have spoken to, I believe that this incident may have been a result of his recent arrest in regards to narcotics." Tr. 872-73.

2

Murrell ultimately agreed to cooperate with the police, and he identified Burgess and Lee as the individuals involved in the shooting. Tr. 192-93, 262, 344, 876-77, 916-17, 987, 1010.

Burgess and Lee were subsequently arrested and charged with one count of attempted murder in the second degree, two counts of criminal possession of a weapon in the second degree, one count of attempt to commit assault in the first degree, one count of assault in the second degree, and one count of attempted coercion in the first degree. *See* R&R at 12. On September 22, 2009, Burgess was convicted after a jury trial of two counts of criminal possession of a weapon in the second degree and one count of attempted coercion in the first degree. *See* Tr. 1379-80.

In April 2013, Burgess filed a motion to vacate the conviction pursuant to New York Criminal Procedure Law Section 440.10 on the ground that he had received ineffective assistance of counsel. SR[1] 1-33. Burgess argued that Detective Keane's testimony—that Keane had spoken with numerous witnesses and that Keane had told Murrell during their meeting on October 22 what he believed happened to Murrell—violated Burgess's rights under the Confrontation Clause of the Sixth Amendment, and that Burgess's counsel's failure to object to that testimony or to request a limiting instruction constituted ineffective assistance. SR 3-5. Burgess provided an affirmation from his trial counsel, in which his trial counsel stated that he "did not object to [Detective Keane's] testimony although it was hearsay that violated Mr. Burgess's constitutional right to confront witnesses" and that he had no "strategic or tactical reason for not objecting or for failing to require a limiting instruction." SR 31-32.

On August 9, 2013, the state court denied Burgess's motion. SR 59-61. The court concluded that Detective Keane's testimony was not hearsay because it was non-specific and

---

[1] "SR" refers to the state court record that begins in Exhibit 4 to Docket Number 7.

vague; that it was admissible for the purposes of completing the narrative and explaining police actions; and that even if the testimony was inadmissible hearsay, trial counsel's failure to object did not constitute ineffective assistance. SR 60-61.

Burgess unsuccessfully sought permission from the Appellate Division to appeal the denial of his motion. SR 62-87, 92. Burgess moved for reconsideration of the motion for leave to appeal, which was also denied. SR 95-106, 167.

In addition to his § 440 motion, Burgess also directly appealed his conviction to the Appellate Division. SR 168-238. On appeal, he raised the argument that his trial counsel was ineffective for failing to object to Detective Keane's testimony or to request a limiting instruction. SR 168-238. The Appellate Division rejected that argument. *People v. Burgess*, 10 N.Y.S.3d 26, 27 (App. Div. 2015); SR 346-50. The New York Court of Appeals denied leave to appeal. *People v. Burgess*, 44 N.E.3d 941 (N.Y. 2015); SR 396.

On February 25, 2016, Burgess filed a petition for the writ of habeas corpus with this Court. Dkt. No. 1. He raised the same ineffective assistance of counsel argument that he had raised in state court. *See* Dkt. No. 1.

On September 8, 2017, Judge Pitman recommended that Burgess's habeas petition be denied. R&R. Judge Pitman reasoned that Burgess's ineffective assistance of counsel claim failed because Burgess's underlying Confrontation Clause argument had no merit and that, even if it did, the conduct of Burgess's trial counsel in failing to object or to ask for a limiting instruction did not constitute ineffective assistance of counsel. R&R at 31-37. Burgess filed timely objections to Judge Pitman's report. *See* Objections.

The court adopts the Report and Recommendation in its entirety and thus denies Burgess's habeas petition.

4

## II. LEGAL STANDARD

When reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to the report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Any unobjected-to portions of the report and recommendation are reviewed for clear error. *Watson v. Geithner*, No. 11 Civ. 9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013).

Because Burgess is proceeding pro se, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III. DISCUSSION

Burgess lists several objections to Judge Pitman's report. *See* Objections. He contends that Judge Pitman incorrectly concluded that Detective Keane's testimony did not violate the Confrontation Clause, and he points to the affirmation from Burgess's trial counsel and argues that there was no objectively valid reason for his trial counsel to have failed to object to Detective Keane's testimony. Objections at 2, 5. However, as Judge Pitman noted, "Detective Keane's testimony was so vague that it did not permit the jury to infer the nature of the statements made to him." R&R at 31. Moreover, "Detective Keane's testimony was . . . admissible to explain the course of the investigation . . . ." R&R at 33; *see Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter

5

asserted"); *United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994) ("[I]n some instances, information possessed by investigating agents is received at trial not for the truth of the matter, but as 'background' to explain the investigation, or to show an agent's state of mind so that the jury will understand the reasons for the agent's subsequent actions."); *Newland v. Lape*, 05 Cv. 2686 (JFK), 2008 WL 2485404, at *5 (S.D.N.Y. June 19, 2008) (explaining that out-of-court statements offered for the truth of the matter asserted are usually inadmissible as hearsay, but "statements admitted merely to complete a narrative or explain the actions of a police officer are admissible"). Finally, the Court agrees with Judge Pitman that even if the admission of the testimony at issue violated the Confrontation Clause, "it was objectively reasonable for counsel to permit the testimony . . . ." R&R at 36; *see Strickland v. Washington*, 466 U.S. 668, 689-90 (1984) (explaining that to succeed on an ineffective assistance of counsel claim, the petitioner must show that the challenged acts or omissions were not "the result of reasonable professional judgment"). The affirmation from Burgess's trial counsel regarding his subjective beliefs does not render that conclusion an unreasonable application of *Strickland*. *See Illescas v. Lee*, 11-CV-5835 (ARR), 2013 WL 1247513 at *8 (E.D.N.Y. Mar. 26, 2013) ("*Strickland* . . . explicitly requires the court to apply an '*objective* standard of reasonableness' to counsel's performance. . . . Accordingly, because the question of whether or not counsel's subjective state of mind is material to a *Strickland* claim is, at best, left unclear by the Supreme Court's precedents, this court cannot say that the Appellate Division's standard was contrary to 'clearly established Federal law, as determined by the Supreme Court.'").

Burgess also objects to Judge Pitman's analysis of *United States v. Johnson*, 529 F.3d 493 (2d Cir. 2008). Objections at 4, 8-9. Burgess's efforts to distinguish *Johnson* are

unpersuasive. As discussed above, Detective Keane's testimony was admissible to provide background to explain the course of his investigation.

In addition, Burgess objects to Judge Pitman's failure to hold an evidentiary hearing. Objections at 9. An evidentiary hearing was not required in this case because "even with the benefit of an evidentiary hearing, [Burgess] could not develop a factual record that would entitle him to habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007). The Court has before it the state court record, including the affirmation from Burgess's trial counsel, and the transcript from Burgess's trial. That record is adequate to resolve the case, and Burgess has not explained why an evidentiary hearing would be necessary.

Finally, Burgess objects to Judge Pitman's recommendation not to issue a certificate of appealability. Objections at 10. However, because Burgess has not made a substantial showing of the denial of a federal right, appellate review is not warranted. *See* 28 U.S.C. § 2253.

## IV. CONCLUSION

The Court adopts the Report and Recommendation in its entirety and denies the habeas petition. In addition, the Court declines to issue a certificate of appealability. Burgess has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). This Order will be mailed by Chambers to the pro se Petitioner, and its mailing shall be noted on the public docket.

SO ORDERED.

Dated: May \_\_, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge